AO 245B (CASD) (Rev. 1/12) Judgment in a Criminal Case
Sheet 1



2012 SEP 20  AM 8: 39

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Luis Carlos Montiel  -4 | Case Number: 09-cr-01336-JAH-4 |
| | Mark A Chambers |
| | Defendant's Attorney |

**REGISTRATION NO.** 13758298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One of the Indictment.

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 846, 841(a)(1) | Conspiracy to Distribute and Possess with Intent to Distribute Marijuana | 1 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) remaining _____ is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment: $100.00.

☒ No fine        ☒ Forfeiture pursuant to order filed  9/17/12  , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

September 17, 2012
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

09-cr-01336-JAH-4

AO 245B (CASD) (Rev. 1/12)  Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 4

DEFENDANT: Luis Carlos Montiel -4
CASE NUMBER: 09-cr-01336-JAH-4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Sixty-three months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the residential drug abuse program and that custody be served in the Western Region.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

09-cr-01336-JAH-4

AO 245B (CASD) (Rev. 1/12) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 4

DEFENDANT: Luis Carlos Montiel -4
CASE NUMBER: 09-cr-01336-JAH-4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Four years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

09-cr-01336-JAH-4

AO 245B (CASD) (Rev. 1/12) Judgment in a Criminal Case
Sheet 4 — Special Conditions

DEFENDANT: Luis Carlos Montiel -4
CASE NUMBER: **09-cr-01336-JAH-4**

Judgment—Page 4 of 4

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☒ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☒ Resolve all outstanding warrants within 90 days.

☐ Complete ____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

FILED

SEP 17 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 09cr1336-JAH |
|---|---|---|
| Plaintiff, | ) | ORDER OF CRIMINAL FORFEITURE |
| v. | ) | |
| LUIS CARLOS MONTIEL (4), | ) | |
| Defendant. | ) | |

WHEREAS, in the Superseding Indictment and Bill of Particulars in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant pursuant to 21 U.S.C. § 853 as properties constituting and derived from proceeds the Defendant obtained directly or indirectly as the result of the commission of the violation of Title 21, United States Code, Sections 846 and 841(a)(1) as charged in the Superseding Indictment, or were used or intended to be used in any manner or part to commit and to facilitate the commission of such violation; and

WHEREAS, on September 23, 2010, the plea of Defendant, which plea included consent to the criminal forfeiture allegation pursuant to Title 21 as set forth in the Superseding Indictment, was accepted by the U.S. District Court; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

//

WHEREAS, the assets to which Defendant pled are in the process of being forfeited under the Preliminary Orders of Criminal Forfeiture of co-defendants Ernesto Prado-Buzo (8) and Jonathon Jesus Milan (9); and

WHEREAS, on December 1, 2010, a Notice of Order of Forfeiture was delivered by certified mail to Defendant through his attorney regarding forfeiture of all assets through co-defendants Ernesto Prado-Buzo (8) and Jonathon Jesus Milan (9); to date, Defendant has asserted no interest in contesting said forfeiture; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, all right, title and interest of Defendant LUIS CARLOS MONTIEL (4) in the following properties are hereby forfeited to the United States:

   1. United States currency in the amount of $33,615 seized from codefendant Danny Elia Saeed Daly on December 11, 2008, and having United States Drug Enforcement Administration (hereafter "DEA") Asset Identification Number 09-DEA-509387.

   2. United States currency in the amount of $18,468 seized from codefendant Paul Loaiza on March 19, 2009, and having DEA Asset Identification number 09-DEA-513702.

   3. United States currency in the amount of $3,110 seized from Dan Fleyschman on March 19, 2009, and having DEA Asset Identification number 09-DEA-513704.

   4. United States currency in the amount of $1,261 seized from codefendant Paul Loaiza on March 19, 2009, and having DEA Asset Identification number 09-DEA-513705.

   5. United States currency in the amount of $921 seized from codefendant Zacarias Felix-Cutino and having DEA Asset Identification number 09-DEA-513706.

   6. Sixty-five (65) American Express Travelers Cheques having a total value of $6,500, seized from codefendant Paul Loaiza and Tatiana Maribel Torres on March 19, 2009, and having DEA Asset Identification number 09-DEA-513707.

   7. United States currency in the amount of $40,500 seized from codefendant Edon Moyal on March 19, 2009, and having DEA Asset Identification number 09-DEA-513709.

//

8. United States currency in the amount of $1,500 seized from defendant Ernesto Prado-Buzo on March 19, 2009, and having DEA Asset Identification number 09-DEA-513733.

9. A 2007 BMW M6 automobile, seized from codefendant Paul Loaiza and Carmen Martinez on March 19, 2009 with an estimated value of $61,200 and having DEA Asset Identification number 09-DEA-513772.

10. A 2003 Ford F-150 truck, seized from codefendant Paul Loaiza on March 19, 2009 with an estimated value of $5,000.00 and having DEA Asset Identification number 09-DEA-513854.

11. United States currency in the amount of $46,067 seized from codefendant Paul Loaiza on March 19, 2009, and having DEA Asset Identification number 09-DEA-513973.

12. A 2008 Mercedes Benz GL550 automobile seized from Tatiana Maribel Torres on March 27, 2009 with an estimated value of $64,500 and having DEA Asset Identification number 09-DEA-514045.

13. A 2005 Chaparral Signature 330 Powerboat seized from Dan Fleyschman on March 27, 2009 with an estimated value of $109,015 and having DEA Asset Identification number 09-DEA-514270.

14. United States currency in the amount of $800 seized from codefendant Paul Loaiza on March 27, 2009, and having DEA Asset Identification number 09-DEA-515207.

15. A 2002 Jaguar X Type automobile seized from Loretta F. Peraza on March 19, 2009 with an estimated value of $6,100 and having DEA Asset Identification number 09-DEA-515234.

16. A men's Breitling Flying B Stainless Steel Wrist Watch seized from codefendant Paul Loaiza on March 19, 2009 with an estimated value of $7,600 and having DEA Asset Identification number 09-DEA-515868.

17. Eight items of assorted jewelry seized from codefendant Paul Loaiza and Tatiana Maribel Torres on March 19, 2009 with an estimated value of $33,760 and having DEA Asset Identification number 09-DEA-515874.

18. A 2000 Lexus GS400 automobile seized from Ruby Espinoza on June 18, 2009 with an estimated value of $8,450 and having DEA Asset Identification number 09-DEA-519233.

19. United States currency in the amount of $21,000 seized from Troy Penn on November 25, 2008, and having DEA Asset Identification number 09-DEA-508670.

20. United States Currency in the amount of $34,020 seized from Armando Quevedo-Jimenez on March 10, 2009, and having DEA Asset Identification number 09-DEA-513203.

//
//
//

2. Because ancillary proceedings are being conducted pursuant to the forfeiture orders of other co-defendants in this case, no ancillary proceedings or further forfeiture action is required as to Defendant LUIS CARLOS MONTIEL (4).

DATED: 9-17-12

JOHN A. HOUSTON, Judge
United States District Court